UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-50022 |
| Plaintiff, | UNITED STATES' NOTICE OF EXPERT WITNESS |
| vs. | (Toby Russell) |
| MICHAEL RAYMOND HOLST, | |
| Defendant. | |

Comes now the United States by and through Senior Litigation Counsel Sarah B. Collins and submits the following notice pursuant to Federal Rules of Criminal Procedure 16(a)(1)(G) regarding expert testimony.

The United States intends to call Internet Crimes Against Children Taskforce (ICAC) Commander Toby Russell as an expert in forensic examination of electronic devices, including whether certain devices are manufactured in the District of South Dakota, cell phone and other electronic device extractions as well as other related topics more fully set forth below. Commander Russell has specialized training and experience in forensic analysis of computers and other electronic storage devices, including cell phones and computers. He also has factual knowledge regarding the defendant's case, including all the information obtained from the forensic examinations of the defendant's devices. The United States previously disclosed the forensic examination reports detailing the investigation to the defendant in discovery.

The United States anticipates Commander Russell will testify regarding the following matters in general terms and/or as applied to this case:

1. His training and experience in conducting forensic examinations on various electronic devices and the reason or reasons extractions sometimes cannot be performed on devices. His knowledge of forensic images and processing image files.

2. His knowledge of law enforcement forensic examination software such as GrayKey, Axiom, Cellbrite UFED and Physical Analyzer, Access Data FTK (Forensic Tool Kit) Imager and Griffeye.

3. His knowledge of the process for safeguarding devices to ensure the devices examined are not modified by the examination and his knowledge of what occurred with the device in this case.

4. His knowledge of the storage of images on smart phones, like the defendant's cell phone as well as other devices, such as computers, SD Cards, external hard drives and other electronic devices.

5. His understanding of the location of data within the storage capacities of electronic devices including file saving structures, including what user actions would be required.

6. His knowledge of "artifacts," unallocated space and carved files. This includes his knowledge and understanding of the various user actions and/or system related processes that can cause files to become present within unallocated space. In addition, this includes his knowledge and understanding of the forensic processes in which files are manually carved from within unallocated space.

7. His understanding of time stamps on data and the information the time stamps convey about the data.

8. The process of storing the relevant forensic evidence from the defendant's devices for the purpose of trial exhibits.

9. His knowledge of electronic service providers (ESP) (otherwise known as Internet Service Providers) and which services the ESP provides to users, particularly Verizon/Syncronoss.

10. His knowledge and understanding of "My Samsung" storage.

11. In addition, he will testify regarding his understanding of what occurs when a user sends an email or other communication using an ESP, when a user deletes electronic communications or when the stored communications exceed storage limits allowed by the ESP. He will also testify that even after a user deletes a particular communication, the ESP may still have retained records regarding when the subscriber logged into the account, when a message was sent or received, as well as technical routing information that law enforcement could use to determine who sent or received the electronic communication.

12. His knowledge that the defendant's devices were manufactured outside of the District of South Dakota.

13. His knowledge of UTC, Universal Time Code as related to relevant times in the case.

14. His knowledge of child pornography websites such as "usenetmodelsindex," "secrethentai.club," and "viphentai.club." This includes his knowledge that the "usenetmodelsindex" website is no longer active and that "Usenet" is an early non-centralized computer network that was originally developed for the discussion of topics and

the sharing of files via newsgroups. He will testify that Usenet has since become predominantly utilized as a file sharing network alternative to the BitTorrent file sharing network and other similar file sharing networks. He will also testify that Usenet has become a popular file sharing network for the trading and sharing of child sexual abuse material. In addition, he will testify that the "secrethentai.club" and the "viphentai.club" websites are image and video hosting websites that index and display cartoon and computer generated imagery (CGI) depicting child pornography and child sexual abuse material commonly referred to as virtual child sexual abuse material (VCSAM).

15. His knowledge that the above-listed websites operate solely on the internet and that the internet is in and affecting interstate commerce.

16. His knowledge about the National Center for Missing and Exploited Children, particularly the process of generating Cybertips and what occurs after a Cybertip is made by an ESP. He will also testify that NCMEC keeps an enormous database of child pornography in which victims have been identified and verified to be under the age of 18 at the time the image/images were produced. NCMEC then generates and provides the information in a report called an ECD report, specific to images located in the collections of individual offenders.

17. His knowledge that "Jpg." images are compressed image format for containing digital images commonly produced by digital photography.

18. His knowledge of the differences between cell phone operating systems (Android & iOS) and the Windows operating system as well as

the difference between data extractions that are obtained from cell phones compared to forensic images obtained from computer hard drives and removeable media such as external hard drives, thumb drives and memory cards. This also includes his knowledge of how "Created", "Accessed" and "Modified" file dates and times (time stamps) are assigned to individual files within the different operating systems. In addition, this includes his knowledge and experience on how file dates and times may be interpreted when a cell phone data extraction obtained using a specific forensic tool or forensic software is processed using a different forensic tool or forensic software.

19. His knowledge regarding child pornography search terms and those likely to obtain illicit images such as PTHC, loli, Lolita. This includes his knowledge and experience regarding what those terms stand for or what those terms mean and the various Internet venues or platforms where files having file names containing those terms may be located.

20. His knowledge regarding mass or batch downloads. This includes his knowledge regarding the different manners or ways in which a user can download large groups of files from different Internet sites or platforms.

21. His knowledge of computer-generated imagery (CGI) depicting child sexual abuse commonly referred to as virtual child sexual abuse material (VCSAM). He will testify that recent advancements in CGI technology have resulted in virtual child sexual abuse material that is virtually indistinguishable from real child sexual abuse material. He will

also testify that there are a large number of websites that index and display virtual child sexual abuse material and offer the virtual material for download.

The United States has attached Commander Russell's qualifications to this notice and all prior testimony, whether by trial or deposition, of the expert in the last 4 years are listed below. Further, the United States asserts that expert has authored no publications within the last 10 years.

Additionally, the United States asserts the following is a list of prior testimony provided by the expert at trial or deposition within the last 4 years:

United States District Court

| Case Name | Case Number | Court | Date | Hearing type |
|---|---|---|---|---|
| US vs. Maksim Stefanyuk | 17CR40042 | Sioux Falls | 07/17/2018 | Trial |
| US vs. Zam Mung | 18CR50091 | Rapid City | 02/26/2019 | Trial |
| US vs. Amin Ricker | 17CR30053 | Pierre | 03/19/2019 | Trial |
| US vs. Carlocito Slim | 17CR50126 | Rapid City | 03/09/2021 | Trial |
| US vs. Steven Fontenot | 21CR50137 | Rapid City | 11/01/2022 | Trial |
| US vs. Matthew Buchko | 21CR50021 | Rapid City | 01/17/2023 | Trial |
| US vs. James Hanapel | 21CR50133 | Rapid City | 04/11/2323 | Trial |

State Cases

| Case Name | Case Number | Court | Date | Hearing type |
|---|---|---|---|---|
| SD vs. Jose Quinones Rodriguez | 18CRI18-000022 | Day County | 05/13/2019 | Trial |
| SD vs. Aaron Knutson | 49CRI17-006562 | Minnehaha County | 02/07/2020 | Revocation Hearing |
| SD vs. Jason Ingram | 30CRI19-000035 | Hanson County | 02/10/2020 | Trial |

This list is not exhaustive. The United States diligently pursued information regarding Commander Russell's expert testimony but have been unable to obtain and exhaustive list due to the high volume of testimony he has provided. It would be unduly burdensome on Commander Russell, as well as

state employees to compile a complete list.  The United States has been informed that the state record keeping system is unable to search for case witnesses. Commander Russell has provided the information on the cases he can recall testifying in within the last four years.

The United States asserts that this notice and the reports previously provided to the defendant, as well as the actual files obtained from the defendant's electronic devices, satisfy the requirements of Rule 16(a)(1)(G).  If, after viewing this notice and the attachment, the defendant requests further information or has concerns under Rule 16, the United States requests the defendant advise as to what further information is necessary to prepare for trial.

Finally, the United States requests that the defendant file its expert notices within the timeframe prescribed by the United States District Court Local Rule 22-06.

Dated this 6th day of June, 2023.

ALISON J. RAMSDELL
United States Attorney

*/s/ Sarah B. Collins*
Sarah B. Collins
Senior Litigation Counsel
515 9th Street, Suite 201
Rapid City, SD 57701
Telephone: (605) 354-7822
E-Mail: Sarah.B.Collins@usdoj.gov

In compliance with Federal Rule of Criminal Procedure 16(a)(1)(G)(v), I, Toby Russell, hereby declare that I have reviewed this notice and agree to its contents.

7

*Toby Russell*

TOBY RUSSELL