UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-50022 |
| Plaintiff, | MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' MOTIONS IN LIMINE |
| vs. | |
| MICHAEL RAYMOND HOLST, | |
| Defendant. | |

The United States of America, by and through Senior Litigation Counsel Sarah B. Collins, submits the following Memorandum of Law in Support of its Motions in Limine:

1.      Reference to Penalty or Punishment.

The Government moves this Court for an Order in Limine precluding the defendant, attorney for the Defendant, or any witness to refrain from making any comment or reference, whether direct or indirect, to penalty or punishment in this case. As charged, the defendant is facing a mandatory minimum of 5 years' imprisonment, a maximum penalty of 20 years' imprisonment, and a maximum fine of $250,000. *United States v. Wilcox*, 487 F.3d 1163, 1173-74 (8th Cir. 2007) (quoting *United States v. Thomas*, 895 F.2d 1198, 1200 (8th Cir. 1990)) (To inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it). In making this Motion in Limine, the United States seeks to preclude any reference whatsoever to any kind of penalty or punishment involved in this case, including the fact that the

defendant is charged with a felony violation.  This Motion includes any reference to penalty or punishment at any time during the trial, but especially during questioning of the defendant, if the defendant chooses to testify.  This motion also seeks to preclude any questioning by the defendant's attorney of his career or future plans, because such an issue puts the issue of penalty or punishment in front of the jury.

2.    Opinion of witnesses as to the truthfulness of the allegations contained in and encompassed by this indictment or as to the appropriate verdict in the case.

The United States requests the court limit all witnesses' testimony, including the defendant's, regarding their opinion as to the truthfulness of the allegations at issue in this case or any comment as to the witnesses' belief as to the guilt or innocence of the defendant regarding these charges.  Rule 701 of the Federal Rules of Evidence limits the opinion of a lay witness to those opinions or inferences which are rationally based on the perception of the witness and are helpful to the clear understanding of his testimony or the determination of a fact at issue.  Fed. R. Evid. 701.  The Eighth Circuit has ruled that, "where the opinion proffered necessarily encompasses a legal conclusion, a trial court may very properly conclude that a response would not be helpful to a trier of fact." *United States v. Ness*, 665 F.2d 248, 250 (8th Cir.1981), citing *United States v. Baskes*, 649 F.2d 471, 478 (7th Cir. 1980); *United States v. Southers*, 583 F.2d 1302, 1306 (5th Cir. 1978).  A conclusion by a witness that the defendant is either guilty or not guilty would be a legal conclusion and thus not helpful to the trier of fact.

Further, in *United States v. Griffin,* 579 F.2d 1104, (8th Cir. 1978), the Eighth Circuit concluded that the district court did not err in refusing to admit testimony by a witness that the conduct of the defendant did not constitute "criminal violations." *Id.* at 1110. The court further concluded that it is "doubtful whether the expression" of an opinion "on guilt or innocence can be given by a witness." *Id.* The court added, "[s]uch an issue is appropriately determined by the jury under appropriate instructions by the court." *Id.* As such, the United States requests the court limit testimony by any witness, including the defendant, pertaining to his/her opinion on the truthfulness of the allegations in the indictment or the appropriate verdict in the case.

3. <u>Admission of any hearsay statements made by the defendant offered by the defendant.</u>

Federal Rule of Evidence 801(d)(2)(A) allows the admission of a statement made by a party opponent "against" the party opponent. The defendant should not be allowed to elicit testimony from his witnesses regarding any statements made by him to witnesses, outside of court, proclaiming his innocence of the charges in this indictment or any other exculpatory statements made by the defendant and offered by the defendant through his witnesses. A statement is "not hearsay" when it is offered "against a party" and it is the party's own statement. *United States v. Worman,* 622 F.3d 969, 976 (8th Cir. 2010), citing Fed. R. Evid. 801(d)(2)(A); *United States v. Heppner,* 519 F.3d 744, 751 (8th Cir. 2008). Such statements would be offered by the defendant not against him and would not be admissible under Rule 801(d)(2)(A) and would not allow for proper

3

cross-examination by the United States of the defendant regarding the statements. As such, any such statements should be excluded.

4. <u>Argument that the United States must prove the minors depicted in the exhibits proving Count II actually exist.</u>

The United States must prove, as one of the elements of count II of the indictment that the depiction in a particular image or video is of a "minor," but "[i]t is not a required element" that "the minor depicted actually exists." 18 U.S.C. § 1466A(c).

5. <u>Argument that the defendant's lack of legal knowledge is a defense to the crimes charged in the indictment.</u>

The United States now moves this Court for an Order in Limine precluding the defendant, witness for the defendant, and counsel for the defendant from making any comment or reference, whether direct or indirect, to a claim of ignorance of the law. The United States anticipates the defendant may argue that as to Count II, he did not understand that visual depictions of the sexual abuse of children that were computer generated violated the law and therefore he did not act knowingly.

The "general rule [is] that ignorance of the law or a mistake of law is no defense to criminal prosecution." *United States v. Voice*, 622 F.3d 870, 876 (8th Cir. 2010) (quoting *Cheek v. United States*, 498 U.S. 192, 199 (1991)). The fact defendant may have been unaware that it is illegal to possess obscene images depicting the sexual abuse of children who are not "real" but that argument is not a valid defense because ignorance of the law does not excuse a defendant's conduct.

4

Furthermore, the government is not required to prove the defendant knew his acts were unlawful. Eighth Circuit Manual of Model Jury Instructions Criminal §§ 7.03. The word "knowingly" does not require proof that the defendant knew he was violating the law. *United States v. Docket*, 58 F.3d 1284, 1288 (8th Cir. 1995). The United States Supreme Court has explained "the term 'knowingly' does not necessarily have any reference to a culpable state of mind or to knowledge of the law." *Bryan v. United States*, 524 U.S. 184, 192 (1998). Rather, "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." *Id.* at 193.

Because the defendant's knowledge of the law is not an element the government must prove, the Court should exclude any reference by defendant or defense counsel, which suggests the defendant's lack of legal knowledge is a defense to the crime charged in the indictment.

<u>CONCLUSION</u>

Based on the foregoing the United States respectfully requests the Court grant its motions in limine.

Dated this 16th day of June, 2023.

ALISON J. RAMSDELL
United States Attorney

*/s/ Sarah B. Collins*
Sarah B. Collins
Senior Litigation Counsel
515 9th Street, Suite 201
Rapid City, SD 57701
Telephone: (605) 342-7822
E-mail: Sarah.B.Collins@usdoj.gov

5